IN RE APPLICATION OF H. A. ALEXANDER FOR ADMISSION
TO THE BAR.

> The phrase "from and after the passage of this act" occurring
> in the beginning of an act will not be held to put the act
> into immediate effect in the absence of the usual effective
> clauses generally observed in this state, and when a compre-
> hensive view of the entire act makes it reasonably clear
> that the legislature did not intend an immediate change
> in the existing law.

By the Court En Banc.

Application for Admission to the Bar.

COCKRELL, J.: H. A. Alexander, Esquire, a member in
good standing of the bar of the supreme court of the state
of Georgia, on the fourth day of June 1907, applied for
admission to the bar of this court.

There is diversity of opinion among the members of
this court as to the effect, if any, now to be given to the
act just passed by the legislature and approved by the
Governor on May 27th, 1907, entitled "An Act to Pre-
scribe and Regulate the Procedure for the Admission of
Attorneys to Practice Law in the Courts of Florida."

The first section of the act reads:

"Section 1. That from and after the passage of this
act no one shall be authorized or permitted to practice
law, as an attorney, counsellor or proctor or advocate, in
any of the courts of this state unless he shall have first
obtained a commission or license to so practice from the
supreme court of the state after a thorough examination
by said court of the applicant for admission as to his
qualifications."

The act does not contain the usual formula that it should take effect on its passage or passage and approval, and the question presents itself whether taking the act as a whole the phrase "from and after the passage of this act" sufficiently complies with the constitutional exception that acts shall take effect sixty days from the final adjournment of the session, "unless otherwise specially provided in such law." Constitution, Art. III, sec. 18. The session of the legislature was declared finally adjourned on May 31st.

We find the adjudged cases about equally divided in construing the phrase "from and after the passage of the act" under language identical with our own; but there is practical unanimity in the holdings under constitutions providing that an "emergency" must exist and be declared that a specific declaration must be made, else the exception can not obtain. We are, moreover, confronted by the practical construction placed upon similar language in appropriation acts by the administrative departments of the state government.

Such being the confused condition of the law, and in view of the fact that this is an *ex parte* proceeding, where we are deprived of the light that comes from the strenuous contest over a litigated contest, we feel justified in avoiding a decision of the question in its breadth and in seeking another solution.

The solution may be found in a comprehensive view of the entire act, which makes it reasonably clear that the legislative mind did not intend an immediate change in the matter of the procedure for admission to the bar.

The third section of the act provides that this court, "as soon as it can be conveniently done after the passage of this act, shall, by the adoption of a rule, prescribe a

In re Alexander—Opinion of Court.

list of standard text books of law and equity to be studied by applicants for admission to the bar, upon which prescribed course of study such examinations shall be conducted." And in section four that candidates shall file their applications ten days before the beginning of the term of this court. There are but two terms of this court, beginning the second Tuesday in January and June respectively, and it must have occurred to the legislature that the imminent approach of the June term prevented possible action by this court to make the new procedure effective at this term, and further rendered it well nigh an impossibility for any applicant to make that fact known to this court ten days before the coming June term.

While we do not deny to the legislature the power to prohibit the admission of lawyers for a period of seven months or more, yet the intent so to do should be more clear so that the responsibility might be rightly placed.

We are of opinion, therefore, that the act referred to does not become effective until sixty days from May 31, 1907, and the application being in full compliance with the existing law, it is ordered that the motion be granted.

TAYLOR and HOCKER, JJ., concur;

PARKHILL, J., concurs in the conclusion;

SHACKLEFORD, C. J., and WHITFIELD, J., dissent.